DICKERSON, Appellant, *vs*. APPERSON, Respondent.

1. In an action against a constable, commenced before a justice, for a false return of an execution, the supreme court refused to disturb a nonsuit taken in the circuit court, it appearing that the execution issued upon an irregular judgment which might have been set aside, and that judgment against the constable was taken before the justice on the return day of the execution without any notice.

*Appeal from Moniteau Circuit Court.*

*Draffin*, for appellant.
*Parsons*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

This case stands upon a nonsuit, and that nonsuit must be confirmed. It was a proceeding against a constable for a false return to an execution under the 23d and 24th sections of the 7th article of the act entitled " an act to establish justices' courts, and to regulate proceedings therein." It appears from the record, that the proceedings were begun on the return day of the execution, without any notice, as required by the statute. Indeed, the whole case is one unheard of before this time. The plaintiff was sued as a surety, together with his principal. On the return day of the writ, the principal did not appear, for he was not served with process. The plaintiff, his surety, appeared, paid the debt for which he and his principal were sued, and then had a judgment entered against the principal for the amount paid by him ; so, there was no judgment in the original suit. It is the execution sued out on this judgment, thus obtained, that gives rise to this controversy. Now, although the constable cannot object to the regularity of the proceedings, as the execution, being regular on its face, and issuing from a proper court, was a justification to him in levying it, yet the proceedings were altogether irregular, and might have been set aside. With the same piepoudre court speed, the

plaintiff, on the return day of his execution, takes a judgment against the constable for a false return to his execution, when the law required at least three days' notice of such a step.

Under these circumstances, as the plaintiff has been nonsuited, that nonsuit will not be set aside.

The court acted correctly, in permitting the papers necessary to an appeal, to be perfected when objections were taken to them, and then overruling the motion to dismiss the appeal. Act concerning justices' courts, 8th art., secs. 13, 15 and 17.

Judge Ryland concurring, judgment affirmed; Judge Gamble absent.